MURDOCK, Justice
(concurring specially).
I concur in the denial of the petition for the writ of mandamus. I write to explain that my concurrence does not communicate any opinion as to the merits of the issues raised in the petition regarding the trial court’s order dismissing Maxwell Uhakheme’s counterclaim alleging breach of contract. I concur in the denial of the petition because appellate review of an order granting a motion to dismiss a claim (or granting a motion for a summary judgment, as occurred here, given the fact that the trial court considered materials outside the pleadings, see Rule 56(c)(3), Ala. R. Civ. P.) is not by way of a petition for a writ of mandamus but by an appeal governed by the strictures of Rule 54(b), Ala. R. Civ. P.
In this case, the strictures of Rule 54(b) have not been satisfied. Other claims and counterclaims remain pending, and the trial court has not certified its order as final (and I doubt it could properly do so given the intertwined nature of the dismissed claim and the remaining claims of the plaintiff and the counterclaims of Uhak-heme). And, of course, unless and until the trial court were to adjudicate those other claims or to certify the order at issue as final, the order is subject to being altered or vacated by the trial court itself under the terms of Rule 54(b).
In short, appellate review is not available in a circumstance such as this. Were this Court to begin granting mandamus review of such orders, we would effectively nullify Rule 54(b), circumventing the conditions for such review prescribed by that rule, tempting trial courts to postpone consideration of remaining claims until an interlocutory appellate ruling is obtained, and requiring the expenditure of limited appellate resources on an untold number of petitions seeking piecemeal review.